OPINION
Defendant-appellant Ronald Davenport appeals from his conviction and sentence upon three counts of Rape. A previous appeal resulted in a reversal and remand for re-sentencing, because the trial court had not made the requisite findings to support its imposition of consecutive sentences for the three offenses. State v. Davenport (January 8, 1999), Montgomery App. No. 17098, unreported. Upon remand, the trial court ordered the nine-year sentences on two of the counts to be served concurrently with one another, but consecutively with the nine-year sentence on the third count, for a total of eighteen years. The trial court articulated its findings as follows:
 The reason for these is that consecutive service is necessary to protect the public from future crime, and in this instance to punish the offender. They're not disproportionate to the seriousness of this offense as from the record it is clear that on that evening in question there was a tremendous amount of violence and a tremendous amount of hurt that was inflicted upon this individual, being the spouse of the Defendant, without consideration to her concerns, and the record supports those conclusions, and the Court so finds. Likewise, in reviewing the Defendant's record in the State of California as well as here, we find matters in the offender's conduct of previous charges of burglary and also matters relating to assaults that were of record there relating to a spouse or a person within the family which caused the Court to likewise consider that. The harm caused by these offenses was great and unusual as it involved the rape of an individual and also taking certain other sexual advantages and certain other physical things that are reflected in the record that need not be described in particularity here, and on two separate occasions during the course of this evenings after repeated remonstrances of nonconsent and nondesire to participate, and the viciousness of that conduct to me is enough to likewise justify consecutive sentencing. Added with that, I think, is the criminal conduct involved in other matters that have been also dealt with in the record, and I refer to in the probation report of burglary in 1996 in California, another burglary in April of 1996. Also there were other matters, a disposition of a reduced sentence, lesser-included offense, of, excuse me, relating to a corporal injury on a spouse, and which was plead guilty to a lesser-included offense of battery, and local confinement was involved there. The Defendant has failed to maintain contact with the California Probation Department and likewise left the state without permission. They may be taking some action accordingly. At any rate, it indicates as well as the testimony of the Defendant concerning his view of how he felt about women and how he felt that his wife was conducting herself, his accusations, which basically were denied and unfounded also indicate that under 2929.14(4) and 2929.19(B)(2)(C) that all the criteria are present justifying this sentence.
The details of the offenses of which Davenport was convicted are described in the earlier decision of this court cited supra. We are satisfied that the trial court acted well within its discretion in finding that the offenses involved great and unusual physical harm to the victim, with a degree of viciousness beyond that ordinarily associated with the offense of Rape.
After the re-sentencing from which this appeal is taken, a controversy arose in which Davenport sought an order from the trial court awarding credit for jail time served in the amount of 261 days. Although that controversy would not appear to be the subject of this appeal, the State has directed our attention to an entry of May 3, 1999, in the trial court, in which the trial court approved Davenport's entitlement to 261 days of jail time credit. Thus, as the State notes, this controversy has been resolved in Davenport's favor.
Davenport's appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, in which counsel has indicated an inability to find any assignments of error having arguable merit. By entry dated July 13, 1999, we gave Davenport 60 days within which to file his own, pro se, brief. He has not done so.
We have performed our independent duty to review the record for possible error, pursuant to Anders v. California, supra. We find no claims of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.
GRADY, P.J., and BROGAN, J., concur.
Copies mailed to:
Carley J. Ingram
Dennis J. Adkins
Ronald T. Davenport
Hon. John Petzold